**FAWICK AIRFLEX CO., INC., Plaintiff-Appellee, v. UNITED ELECTRICAL, RADIO AND MACHINE WORKERS, No. 735 et al, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21463.   Decided April 2, 1950.

Marshman, Hollington & Steadman, Cleveland, for plaintiff-appellee.

Davis, Davis & Handelman, Cleveland, for defendants-appellants.

**452**

(CARPENTER, PJ, FESS, J, CONN, J, of the 6th Appellate District sitting by designation in 8th District.)

**OPINION**

By CONN, J.:

This is an appeal on questions of law from the judgment of the common pleas court finding certain defendants guilty of contempt of court for violating a restraining order previously issued by the trial court.

The record discloses that the defendant, United Electrical, Radio & Machine Workers of America Local No. 735, on March 7, 1949, ordered a work stoppage at plaintiff's plant located on Clinton Road in the Village of Brooklyn. . Mass picketing immediately followed and physical interference with persons who sought access to this plant. Plaintiff filed its petition against defendants on March 8, 1949, setting up that defendants have prevented free access to plaintiff's plant by mass picketing, force, duress, threats and intimidation and praying for a restraining order against said defendants.

On March 12, 1949, following an extended hearing, the trial court issued an injunction against The United Electrical Workers Local No. 735 and "its officers, agents, members and employees and all other persons associated with or acting in concert with said defendants, enjoining them."

"1. From picketing other than peaceably and by use of no more than the following pickets:

a. Two (2) pickets may be maintained on Clinton Road at the main entrance to plaintiff's plant; * * *

2. From encouraging or allowing the six (6) pickets permited by the Court from massing, congregating or assembly at . any one time or place while on duty * * *.

3. From encouraging or allowing the massing of more than two (2) pickets at any one time or at any place in or about plaintiff's plant or premises * * *.

4. From picketing other than peaceably and by the carrying of signs, the making of oral speeches within proper bounds and the distribution of literature; * * *

6. From interfering with, hindering, threatening or in-

timidating in any manner whatsoever plaintiff's officers, agents, employees, representatives, others having business with plaintiff or the families or relatives of any of the foregoing;

7. From interfering with or hindering access to said plant and premises in a manner reasonably calculated to prevent ingress to and egress from said plant and premises;

8. From blocking or obstructing plaintiff's driveway leading from Clinton Road to plaintiff's plant and premises, in any manner whatsoever;

9. From protecting, aiding, abetting or assisting any one in the commission of said acts;

10. From interfering with or hindering ingress to or egress from said plant and premises of trucks, automobiles and other vehicles in any manner whatsoever."

On March 24, 1949, plaintiff filed its motion alleging the defendants have violated the restraining order issued March 12th, and praying that a citation may issue returnable forthwith directing defendants to appear and show cause why they should not be punished for contempt of court.

The motion set forth that the defendants and their agents greatly exceeded the number of pickets permitted by the court's order of March 12th, that defendants congregated in the Clinton Street entrance to plaintiff's plant, blocked the driveway, prevented freedom of access thereto and setting forth a number of acts of violence, such as hurling stones, rocks, bolts, etc., at automobiles of plaintiff's employees, threatening and intimidating them, all in violation of the court's order.

April 6, 1949, plaintiff filed its second motion to show cause, setting forth that defendants and their agents had not obeyed the order of March 12, 1949, and had violated same by congregating about plaintiff's plant and in and about Clinton Road in numbers greatly exceeding the number permitted by the order of this court, driving automobiles into the private driveway to plaintiff's plant, parking them there, committing acts of violence, fighting, hurling stones, threatening, intimidating and injuring plaintiff's employees and praying, among other things, for a citation returnable forthwith directing defendants to appear and show cause why they should not be punished for contempt of court.

Thereupon said motions to show cause came on for hearing on the 7th and 8th days of April, 1949, and the trial court entered an order, effective as of April 8, 1949, on the evidence presented, finding and adjudging certain defendants named in plaintiff's second motion to show cause, guilty of contempt of court, as follows:

The court found Marie Reed guilty of contempt on the following grounds:

1. She induced John Stawicki to leave his automobile in the private driveway of plaintiff's plant, to create a blockade, on March 28, 1949;

2. She, by use of a loud speaker, directed a group of persons, composing a mob, on March 28, 1949, to rush and attack plaintiff's employees as they entered plaintiff's plant;

3. She led a parade of persons in a march on plaintiff's plant on April 4, 1949;

4. She had general supervision and direction of groups of persons composing a mob, who massed and congregated in and about plaintiff's plant and premises on March 28, 1949, and April 4, 1949;

5. She caused the erection and directed the maintenance of a lean-to across Clinton Road from plaintiff's plant as a place of congregation for members of respondent Union, where nuts and bolts were kept which were used to attack employees who desired to work at plaintiff's plant, and police officers and deputy sheriffs.

The court found Joseph Kres guilty of contempt on the following grounds:

1. He caused his automobile to block plaintiff's private driveway on March 28, 1949;

2. He was in a group of persons, composing a mob, gathered in and about plaintiff's plant and premises on March 28, 1949;

3. He was in the group of persons that rushed and attacked plaintiff's employees as they entered plaintiff's plant on March 28, 1949;

4. He caused the erection and directed the maintenance of a lean-to across Clinton Road from plaintiff's plant as a place of congregation for members of respondent Union, where nuts and bolts were kept which were used to attack employees who desired to work at plaintiff's plant, and public officers and deputy sheriffs.

The court found Fred Haug guilty of contempt on the following grounds:

1. He caused his automobile to block plaintiff's private driveway on March 28, 1949;

2. He was in a group of persons, composing a mob that rushed and attacked plaintiff's employees as they entered plaintiff's plant on March 28, 1949;

3. He was a leader of a parade of persons which marched on plaintiff's plant on April 4, 1949.

The court found Paul Shepard guilty of contempt on the following grounds:

1. He threw an object at Deputy Sheriff McHugh on April 4, 1949;

2. He placed an automobile in the private driveway of plaintiff's plant, blocking said driveway, on March 28, 1949;

3. He threw objects at automobiles in the vicinity of plaintiff's plant.

4. He threw objects at other Deputy Sheriffs in the vicinity of plaintiff's plant;

5. He was in the group of persons, composing a mob that rushed and attacked plaintiff's employees as they entered plaintiff's plant on March 28, 1949;

6. He participated in and directed a parade of persons that marched on plaintiff's plant on April 4, 1949;

7. He was one of the persons responsible for maintaining the lean-to across Clinton Road from plaintiff's plant, in which nuts and bolts, used against plaintiff's employees, police and deputy sheriffs, were kept.

The court found Albert Kleps guilty of contempt on the following grounds:

1. He obstructed traffic on Clinton Road in the vicinity of plaintiff's plant on April 4, 1949;

2. He directed the movements of groups of persons in and about plaintiff's plant on March 28, 1949;

3. He was in the group of persons composing a mob, that rushed and attacked plaintiff's employees as they entered plaintiff's plant on March 28, 1949.

The court found John Steidl guilty of contempt on the following ground:

1. He was in a group of persons, composing a mob, that rushed and attacked plaintiff's employees as they entered plaintiff's plant on March 28, 1949.

The court found Morris Stamm guilty of contempt on the following grounds:

1. He pushed and broke away from an officer on April 4, 1949 on arrest;

2. Running away from said officer after his arrest so that the officer had to pursue him to make said arrest complete;

3. After said arrest was made, he kicked and fought with the arresting officers;

4. He was in the group of persons, composing a mob, that on March 28, 1949, rushed and attacked plaintiff's employees when they entered plaintiff's plant;

5. He was in a group of persons that marched on plaintiff's plant on April 4, 1949;

6. He directed the movements of a group of persons congregated in and about the entrance to plaintiff's plant on March 28, 1949;

7. He was a member of the group in charge of the lean-to

maintained across Clinton Road from the entrance to plaintiff's plant, in which lean-to nuts and bolts used against plaintiff's employees, police officers and deputy sheriffs, were kept.

The court found Louis Diamond guilty of contempt on the following grounds:

1. He attempted to strike Deputy Sheriff Acks with a sign on April 4, 1949;

2. He was in the parade of persons that marched on plaintiff's plant on April 4, 1949;

3. He fought with police on April 4, 1949;

4. He was in a group of persons that massed and congregated in and about the entrance to plaintiff's plant on March 28, 1949;

5. He was in a group of persons, composing a mob, that rushed and attacked plaintiff's plant on March 28, 1949;

6. He frequented the lean-to maintained across Clinton Road from plaintiff's plant, in which lean-to, nuts and bolts used against plaintiff's employees, police officers and deputy sheriffs were kept.

The court found Ignatius Monachino guilty of contempt on one count. He caused his automobile to be placed in plaintiff's private driveway, blocking said driveway, on March 28, 1949.

The court found Eileen Schie guilty of contempt for having caused her automobile to be placed on plaintiff's private driveway, blocking said driveway, on March 28, 1949.

The court found Edward C. Epple guilty of contempt on the following charge:

1. He was in the group of persons, composing a mob, that on March 28, 1949, rushed and attacked plaintiff's employees when they entered plaintiff's plant.

The court found John J. Stawicki guilty of contempt on one count. He placed his automobile on plaintiff's private driveway, blocking said driveway, and refusing to move it at the request of the deputy sheriff on March 28, 1949.

For said contempts and each count thereof the trial court punished said defendants and each of them by imposing a sentence of ten days in jail and a fine of $500.00 and costs against the defendants for each and every count upon which they and each of them were found guilty.

From these several findings and judgments each defendant perfected his appeal to this court, which was heard and submitted as an appeal on questions of law.

The errors assigned, as set forth in the assignments and amended assignments of error, are as follows:

"1. The Court below erred to the prejudice of defendants

appellants, and abused its discretion in refusing to grant the continuance as requested by defendants appellants;

2. The motion to show cause was improper, insufficient, defective, and did not authorize contempt proceedings under the law;

3. The sentences of the court below were severe, harsh, and excessive, and without authority under the law;

4. The court below erred in denying defendants' motion for a bill of particulars or a proper written charge, as provided by law;

5. The lower court erred in denying the motions of the defendants, and each of them, for a discharge at the close of plaintiff's evidence, and at the close of all the evidence;

6. The findings of the lower court and its sentences and orders are not sustained by sufficient evidence, are contrary to law, and are not authorized by law;

7. That the court erred in admitting evidence offered by the plaintiff and excluding evidence offered by the defendants;

8. That the proceedings of the lower court were irregular and unauthorized by law; and abuse of discretion by which defendants were denied a fair trial;

9. The proceedings of the lower court and its sentences and orders are unconstitutional and deprive the defendants of those rights guaranteed them by the Constitution of the State of Ohio and of the United States;

10. For other errors of law appearing on the face of the record prejudicial to the rights of the defendants."

Amended assignments of errors

"1. The decision and judgment of the court below is not sustained by sufficient evidence, is contrary to law and the constitutions of the United States and of the State of Ohio:

(a) The court below erred in finding defendant Eileen Schie guilty of contempt of court;

(b) The court below erred in finding Ignatius Monachino guilty of contempt of court;

2. The judge was guilty of abuse of discretion preventing the defendants from having a fair trial.

3. The court below erred in finding defendants Steidl, Diamond and Shepard guilty of summary contempt of court, in addition to finding them guilty of contempt.

4. Other errors of law appearing on the face of the record, prejudicial to the just rights of the defendants."

We will consider first the defendants' claim that the trial court was guilty of abuse of discretion, preventing defendants from having a fair trial. The issue thus raised by this assign-

ment of error can be determined only in the light of surrounding facts and circumstances. Defendants urge the application of abstract principles of law apart from the record and the duty imposed on them to severally obey the order of the court.

It must be conceded that the inherent freedoms of a citizen and his right to defend against their invasion are basic in our democratic society. This same privilege extends to one rightfully within the country, though not a naturalized citizen. This protection and security is guaranteed by written Constitutions and laws. As a people, we live under a juridical order and in sharp contrast with one where individual right is subject to the power of might and the exercise of unrestrained authority on the part of those in power. It has often been pointed out that the right of an individual thus protected by law extends no farther than the place where the right of another begins and that liberty is not unbridled license to do what one may desire to do and as he desires to do it.

The defendants contend with great earnest that the atmosphere of the trial was tinged with hatred; that the trial court in the conduct of the trial by "words, acts and deeds," abused its discretion; and that the defendants did not have a fair trial and were denied due process in violation of both the Federal and State Constitutions. These contentions and others advanced tend to disregard objective considerations and improperly emphasize the abstract.

Any considered approach to the claims thus raised by defendants necessarily embraces a due regard for the issues raised on the motions to show cause, the alleged violations of the injunctive order of March 12th and the conduct of the defendants during the trial. The record discloses that the defendants and their agents, numbering scores of persons, wholly disregarded and violated the order of the trial court in various ways over a period of several days. Mass picketing, disorder, violence, intimidation, destruction of property and other acts of violence all testify to the lack of respect for law and constituted authority. This disorder, violence and breach of the peace required the services of the police officers of the Village of Brooklyn, deputy sheriffs of Cuyahoga County and mounted police of the City of Cleveland.

When the trial opened, dilatory motions were interposed on behalf of certain defendants, objections to the pleadings were made on the ground that they were insufficient to charge the defendants with misconduct or the manner in which the order had been violated. These motions were properly overruled, and the trial proceeded. The issue raised was not

confused. Simply stated, was the court's order disobeyed by one or more of the defendants? Notwithstanding the clarity of the charges made, the defendants by their counsel interposed repeated objections, many of which were groundless, insisted on examining and cross-examining witnesses on irrelevant matters, employing dilatory tactics and manifesting an indifference to the admonitions of the trial judge. This failure to conform to recognized standards of decorum imposed on the trial judge a heavy burden and which he assumed with courage and dispatch in the conduct of the trial. Thus, the defendants may not be heard to challenge the categorical rulings of the trial judge made in the performance of his duty in preserving peace and order and commanding respect for the dignity and authority of the court. It follows that this assignment of error is not well taken and should not be sustained.

Defendants also assign as error that the several findings and judgments are not sustained by sufficient evidence and are contrary to law. However, it appears from the evidence that the defendants were at or near the premises of plaintiff at the times charged, except perhaps in one instance, together with numerous other persons acting with them and that one or more participated in the several acts alleged to be in violation of the order previously made by the court. Subject to the exceptions stated later herein, the evidence of disobedience to the court's order is clear and convincing and in some certain instances is not even denied. It is clear that the court did not err in denying the motions of defendants for a discharge at the close of plaintiff's evidence and at the close of all the evidence.

However, in some instances it appears that two or more counts in individual cases are not clearly established by the evidence as separate violations of the court's order and should be united into single counts, to-wit: Marie Reed, counts 2 and 4, one violation; Paul Shepard, counts 1, 3 and 4, one violation; Morris Stamm, counts 1, 2 and 3, one violation; Louis Diamond, 1 and 3, one violation.

Coming now to errors assigned in relation to defendant Eileen Schie, it is our opinion that the finding and judgment against her is not sustained by clear and convincing evidence and should be reversed.

No. 3 of the amended assignments of error relates to the finding and judgment that defendants Diamond, Shepard and Steidl were guilty of summary contempt. The court imposed a fine and sentence against each defendant. The charges made against the defendants relate to misbehaviour in the court room during the trial.

Under the inherent power of the court and the express provisions of the statute (§12136 GC) "misbehaviour in the presence of or so near the court or judge as to obstruct the administration of justice" may be punished summarily. It is well settled on high authority that the exercise of this power by a court does not deny due process and that due process does not require written charges be first filed before the hearing, as contended by defendants. See Fisher v. Pace, 336 U. S. 155 (1949). See also: Univis Lens Co. v. United Electrical, Radio & Machine, etc. 89 N. E. 2nd, 658.

As to defendant Diamond, he was gound guilty of using obscene language in the presence of and directed to the court during the trial. The trial judge observed defendant's contemptuous conduct and heard his obscene appellations a great many times.

As to defendant, Shepard, he was found guilty of using the Lord's name in vain at different times during the trial and in the presence of the trial judge.

The defendant Edward C. Epple was charged with testifying falsely and summarily adjudged guilty of contempt.

The finding and judgment of summary contempt as to each of said defendants on the record before us should be sustained.

Coming now to consider the charge of summary contempt against John Steidl. This defendant was convicted on a charge of having given false testimony as to the hour he was present at the underpass on March 28, 1949. The evidence is conflicting. We adopt the reasoning of Skeel, P. J., and the authorities cited in **Fawick Airflex Co. v. United Electrical, etc. Workers,** 92 N. E. 2nd, 437, 441-444, and conclude that the finding and judgment against Steidl on this count should be reversed.

We have considered the remaining assignments of error and each of them and have reached the conclusion that they are not well taken and can not be sustained.

As above indicated, the judgments against Schie, and against Steidl, each charged with summary contempt, should be reversed; and certain judgments as before outlined against defendants Reed, Shepard, Stamm and Diamond are modified and as modified, are affirmed; and as to each of the remaining judgments against the several defendants, they are affirmed. Exc. Order See Journal.

CARPENTER and FESS, JJ, concur.